SAMUEL W. JOY and another *vs.* W. P. MORGAN.

May 21, 1886.

**Negligence of Attorney—Proof of Damages.**—Application to a case of alleged negligence, in respect to securing and foreclosing a material-man's lien, of the rule that one who seeks to recover actual damages for the negligence of another must show affirmatively that the damages sought have resulted from the negligence complained of.

Appeal by plaintiffs from an order of the municipal court of Minneapolis, granting a new trial.

*J. W. Cochran,* for appellants.

*Hart & Brewer,* for respondent.

BERRY, J.    The plaintiffs employed the defendant to make and file the papers necessary to secure a lien upon a lot in Minneapolis, for materials furnished for the construction of a building for Mrs. Bowdish, and also to foreclose said lien.    Plaintiffs claim that as part of the employment defendant was to ascertain the *description* of the lot, but that, through his negligence, a lot different from that upon which the building was constructed was described in the lien papers; that this misdescription was not discovered until after judgment was entered in the proceedings to foreclose the lien, and after a sale thereunder of the lot described in the lien papers, which was bid in by the plaintiffs for the full amount of their judgment, and costs; and that when the mistake was discovered it was too late to file new lien papers, so that plaintiffs have lost their right of lien, and, the contractor to whom the materials were furnished being insolvent, they have lost their debt, besides $33.10 fruitlessly expended in the lien proceedings.    The verdict in this action was for plaintiffs, for the amount of their bill for the materials, and for the expenses of the lien proceedings.

Plaintiffs' recovery (if any) must be of damages, and if, notwithstanding defendant's negligence, they have collected their demand through the lien proceedings, they have suffered no damages, and cannot recover.    *Prima facie* they have collected their demand by bidding

in the property sold in the lien proceedings. If they have in fact failed to do so, it is because Mrs. Bowdish had no interest in the lot sold, or not sufficient to satisfy the plaintiffs' judgment and costs of sale. If this is so, it is for plaintiffs to overcome the *prima facie* presumption against them by so showing. For their failure to do this, the verdict was properly set aside.

In case this defect is cured upon a new trial, it is proper to add that, in order to entitle plaintiffs to recover of defendant the amount of their bill against the contractor, in whole or in part, they must show that Mrs. Bowdish had a "right, title, or interest" (liable to the lien) in the lot on which the building was constructed for her, and in the building, which was worth that amount, in whole or in part, as the case may be; for otherwise it will not appear that they had any valid right or claim of lien against said lot and building, so that they have or could have *lost* any part of their bill through defendant's negligence.

Order affirmed.